United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 05-51387
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR ALONSO-DE LIRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1307-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Salvador Alonso-De Lira (Alonso) appeals the sentence
imposed following his guilty plea conviction of illegal re-entry,
in violation of 8 U.S.C. § 1326.

Alonso contends that his sentence is unreasonable because
the district court failed to properly weigh the sentencing
factors set forth in 18 U.S.C. § 3553(a) and imposed a term of
imprisonment greater than necessary to meet § 3553(a)'s
objectives. Alonso also argues, in light of Apprendi v. New
Jersey, 530 U.S. 466 (2000), that his imprisonment term exceeds

————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the statutory maximum sentence allowed for the § 1326 offense charged in his indictment.

The record reflects that the district court considered factors set forth in § 3553(a) when it determined that a 70-month term of imprisonment was a fair and reasonable sentence in Alonso's case. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Alonso's sentence fell at the lowest end of his properly calculated advisory guidelines range and is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006). Alonso has failed to rebut that presumption. See id.

Alonso's challenge to the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Alonso contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Alonso properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.